*J. A. Robson,* for plaintiff in error.

*B. T. Rawlings, solicitor-general,* contra.

---

## MODESETTE v. THE STATE.

One who, after arriving at a " public gathering," there comes into possession of a pistol, does not render himself liable to prosecution under the provisions of the Penal Code, § 342, which prohibits any one, except certain designated officers of the law, from carrying a pistol about his person " to a court of justice .. or any other public gathering in 'this State, except militia muster grounds."

Submitted April 21,—Decided June 4, 1902.

Indictment for carrying pistol to public gathering.  Before Judge Evans.    Jefferson superior court.    February 12, 1902.

*Phillips & Phillips*, for plaintiff in error.
*B. T. Rawlings, solicitor-general*, contra.

COBB, J.   The accused was indicted for a violation of Penal Code, § 342, which prohibits any one, except certain designated officers of the law, from carrying about his person certain weapons to public gatherings.    The accused was tried and convicted in the county court, and his petition for certiorari having been overruled by the judge of the superior court, he excepted.    Complaint is made in the petition that the court charged the jury, in substance, that if the accused had a pistol *at* the public gathering alleged in the indictment, on the day named therein, they would be authorized to find him guilty.    The section of the Penal Code under which the accused was indicted prohibits private individuals from carrying about their persons pistols and other designated weapons " to a court of justice . . or any other public gathering in this State, except militia muster grounds."    Criminal laws are construed strictly ; and so construing this section of the Penal Code, one who goes to a public gathering, having no pistol upon his person at the time he arrives at the place where the gathering is to be, and, after having reached there and mingled with the other persons assembled, becomes possessed, innocently or designedly, lawfully or unlawfully, of a pistol, is not guilty of any offense under this section, although after having become possessed of the pistol he may retain possession thereof and move about from place to place and use the pistol for purposes of offense or defense.  Coming into possession of a pistol while *at* a public gathering is not carrying a pistol *to* a public gathering.

The judge erred in refusing to sustain the certiorari.

*Judgment reversed.     All the Justices concurring, except Lewis, J., absent.*