## CULBERSON v. THE STATE.

An accusation which charged the accused with carrying a pistol about his person to a place of public worship, the same being a designated church, where a congregation was then assembled for public worship, was not supported by proof that he came into possession of the weapon at a spring from which the congregation was using water and which was so near the church as to be in legal contemplation at the church. "Coming into possession of a pistol while *at*" a place of public worship "is not carrying a pistol *to*" a place of public worship.

Argued January 18, — Decided March 30, 1904.

Accusation of carrying pistol to place of public worship. Before Judge Burnside.    City court of Hamilton.    December 18, 1903.

*B. H. Walton,* for plaintiff in error.
*R. A. Russell, solicitor,* contra.

FISH, P. J.    An accusation was preferred against Anderson Culberson, in the city court of Hamilton, charging that on July 19, 1903, in Harris county, he carried "about his person a pistol to a place of public worship, the same being Jehovah Colored Baptist Church, Whitesville, Ga., where a congregation was then assembled for the purpose of public worship." Upon the trial the evidence for the State was to the effect, that on the day named a congregation was assembled at such church for public worship; that there was a public spring about two hundred yards from the church, but not on the church-ground, where it was customary for the congregations which assembled at this church to get water, there being no other source of water supply; that during the noon recess, when many of the congregation were going to and fro between the church and the spring, the accused was seen with a pistol in his hand, going from the direction of the spring towards the church, and that he so carried it to within fifteen or twenty steps of the church; that when asked, at the time, by several of the witnesses what he was doing with the pistol, he replied that he had taken it from a man by the name of Hodo at the spring, and at the request of one of the witnesses he immediately turned it over to him.    The accused introduced no testimony, but made a statement in which he said that he took the pistol from Hodo at the spring, because Hodo seemed to want to shoot some one with it, and that he, the accused, carried it in his hand towards the church till Hood, one of the State's witnesses, asked him for it, when he delivered it to him.    The jury found the accused guilty. He moved for a new trial upon both general and special grounds. His motion was overruled, and he excepted.    The Penal Code, § 342, makes it a misdemeanor for any one, except certain designated officers of the law, to carry about his person a pistol, or any kind of deadly weapon, to any place of public worship, or any other public gathering, in this State, except militia muster grounds. The declaration of the accused, to the effect that he took the pistol

from another person at the spring, made while he was in the act of carrying the weapon, was a part of the res gestæ of the transaction, and moreover was put in evidence by the State. There was nothing to show that it was not true. The question, therefore, is, whether the accused, having become possessed of the pistol at the spring, which was two hundred yards from the church, and having carried it to within fifteen or twenty steps of the church, was guilty of the offense charged. In *Modesette* v. *State*, 115 *Ga.* 582, it was held that "One who goes to a public gathering, having no pistol upon his person at the time he arrives at the place where the gathering is to be, and, after having reached there and mingled with the other persons assembled, becomes possessed, innocently or designedly, lawfully or unlawfully, of a pistol, is not guilty of any offense under this section [Penal Code, § 342], although after having become possessed of the pistol he may retain possession thereof and move about from place to place and use the pistol for purposes of offense or defense. Coming into possession of a pistol while *at* a public gathering is not carrying a pistol *to* a public gathering."

In *Minter* v. *State*, 104 *Ga.* 743, it was held: "A charge in an indictment, that the accused disturbed a congregation of persons lawfully assembled for divine service 'at' a named church, is sustained by proof that he disturbed a congregation so assembled for such purpose at a bush-arbor near such church, both places being within the jurisdiction of the court." There it appeared that the bush-arbor was one hundred and seventy-five or two hundred yards from the church. So, in *McCright* v. *State*, 110 *Ga.* 261, it was held: "An indictment which charged the accused with disturbing an assemblage of a public school at a named schoolhouse was supported by evidence showing that though the assemblage of the school which was disturbed was not in the school building it was at a bush-arbor near thereto." The record in that case shows that the arbor was from seventy-five to one hundred yards from the schoolhouse. According to the rulings made in these last two cases, we think that the spring which was so near the church, and from which the congregations which there assembled were in the habit of procuring water, should be held, in contemplation of the statute alleged to have been violated, to be at the place of public worship. Although the

services in the church building had been temporarily suspended for the purposes of rest and refreshment, the people who had assembled at the place of public worship and who, at the time of the alleged violation of the statute by the accused, were going to and fro between the church and the spring for the purpose of getting drinking water, were still a part of the "public gathering," which had assembled for public worship; and it is the "public gathering," and not the precise spot where the services or proceedings for which it has assembled may be held, which the law intends to protect. The law throws its protection around the "public gathering," whether the same be assembled at a court of justice, an election precinct or ground, a place of public worship, "or any other [place] of public gathering in this State." And this protection continues until the public gathering has finally dispersed. A mere temporary cessation of the services or exercises at a country church or schoolhouse, during which the people composing the public gathering which has assembled there scatter about the grounds for the purpose of eating their lunches, getting drinking water, caring for their horses, etc., does not so terminate the public gathering as to render it not unlawful for a person to carry a deadly weapon about his person to the place or grounds where the gathering has assembled. Hence one who, during such an intermission of the services or exercises, carries a pistol about his person to a point so near the precise spot where the services or exercises are held as that he will come in contact with a considerable portion of the people who constitute such public gathering, during the time that the assemblage for the purpose which has brought the people together may be said to still exist, violates this section of the Penal Code. It is he who thus brings the weapon to the public gathering, and not one who may there become possessed of it, who violates this statute. When the accused took the pistol from another at the spring, he in effect came into possession of it after it had been carried to the place of public worship, and under the case of *Modesette* v. *State,* supra, he was not guilty of the offense charged, and the court erred in not granting a new trial on the general grounds of the motion.

*Judgment reversed. All the Justices concur.*