## WYNNE *v.* THE STATE.

1. For the admission of evidence to be a ground of a motion for a new trial, it must appear what objection was urged to it at the time.    It is not enough to state what the objection was at the time when the new trial is asked.
2. A barbecue on the fourth of July, at which people are assembled to the number of four hundred or five hundred, is a "public gathering" within the meaning of the Penal Code, § 342, which declares it to be a misdemeanor for one not an arresting officer in the discharge of his duties, or a member of his posse, to carry about his person a deadly weapon to any public gathering, except at militia muster grounds.
3. If a person knowing that a public gathering would occur at a certain time and place, shortly beforehand carried a deadly weapon to a place near by in order to have it accessible when the gathering occurred, and while it was in progress went to the place of deposit, obtained actual possession of the weapon, and carried it about his person to the gathering and into the crowd assembled, he was guilty of the offense of carrying a deadly weapon to a public gathering, as prescribed by the Penal Code, § 342.
4. The evidence warranted the verdict.

Argued July 10, — Decided August 2, 1905.

Indictment for misdemeanor.    Before Judge Holden.    Taliaferro superior court.    June 3, 1905.

Dave Wynne was indicted for carrying about his person a shotgun to a public gathering, not at a militia muster ground.    On the trial the evidence for the State was, in brief, as follows: On July 4, 1904, there was a public barbecue at Hillman, in Taliaferro county, at which negroes and some white people gathered, to the number of some four or five hundred.    A difficulty occurred, and there was a good deal of rioting.    Some of the crowd scattered.    Several were seen with deadly weapons. Among others, the defendant had a shotgun.    The evidence did not disclose just where he procured the gun but he was seen

coming with it from the direction of the house of one Terrell, some fifty or sixty yards away from where the barbecue occurred. He came down to where the crowd was, and stopped. At the time of the rioting there were some forty or fifty people present. During the day a number of women were in Terrell's yard under the shade of the trees, and they passed from the gathering to the house, back and forth. The defendant's statement was substantially as follows: He carried his gun over to Terrell's on Saturday before July fourth. He generally hunted such things as young rabbits. He set his gun down at Terrell's house Saturday evening, forgot it, and left it there. On Monday evening, the day of the gathering, he came by there and got his gun. At the time of the rioting he was not present. He had gone to the spring about a quarter of a mile distant. He came back by Terrell's house and got his gun, expecting to shoot some young rabbits on his way home. He did not know anything about the difficulty until some of them were telling him about it. He had no "forethought" at all about it, was not interested in it, and had nothing to do with it. In rebuttal the State proved that at the time the defendant came up with his gun, two or three others were also there with guns, though the general rioting had ceased a few minutes before. Two or three of these men, including the defendant, brought guns from Terrell's house. He was the second or third who did so. He was in a position where he could see those bringing guns to the difficulty.

The jury found the defendant guilty. He moved for a new trial, which was refused, and he excepted.

*Hawes Cloud*, for plaintiff in error.

*David W. Meadow, solicitor-general*, contra.

LUMPKIN, J. (After stating the facts.) 1. One ground of the motion for a new trial complains that the court allowed a witness to testify that he thought the defendant was in a position to see whether other people brought guns from Terrell's residence; that from the position where the defendant was he could have seen this; and that other people did bring guns to the scene of the difficulty. It does not appear what ground of objection was urged to this evidence when it was introduced. It is stated in the motion for a new trial that "said question and answer are irrelevant, and said answer is purely an opinion

of the witness without having any facts upon which such opinion is based." This was the opinion of the attorney when movant's motion for a new trial was made, but whether this ground of objection was urged at the time of the trial does not appear. It can not, therefore, be considered.

2–4. The purpose of the Penal Code, § 342, is to protect the public against the danger arising from allowing persons to carry deadly weapons to courts of justice, or election grounds or precincts, or places of public worship, or any other public gathering in this State. The exception of militia muster grounds is for the purpose of allowing parades and gatherings where troops necessarily carry deadly weapons. So, also, sheriffs, constables, marshals, policemen, or other arresting officers or their posses, acting in the discharge of their official duties, and for the preservation of the public peace, are excepted from the operation of the law. The wholesome purpose of this statute would be much limited by putting a narrow construction upon the expression "any other public gathering." A barbecue on the fourth of July, at which the public is assembled in considerable numbers, constitutes a public gathering within the meaning of the statute. Reliance is placed by the defendant upon the decisions in *Modesette* v. *State*, 115 *Ga.* 582, and *Culberson* v. *State*, 119 *Ga.* 805. They hold that coming into possession of a deadly weapon while at a public gathering is not the same thing as carrying the weapon to such gathering, and will not authorize a conviction under the Penal Code, § 342. Those decisions do not control the present case. The defendant carried his gun to a house forty or fifty yards distant from the point where the barbecue was to occur, and deposited it there. During the gathering, and while the riotous conduct was prevalent, he left the gathering and went to the house, obtained the gun, and returned to the crowd. It is true that he stated that he left the gun at the house by accident, and that he obtained it for the purpose of carrying it home and shooting some young rabbits; but, in view of the coincidence of his obtaining the gun and returning to the crowd about the same time others procured guns from the same house, the jury evidently did not believe his statement. They were not bound to do so, and the evidence warranted their finding. That some of the crowd dur-

ing the day went into Terrell's yard and sat in the shade did not bring this case within the decisions above cited. We think that neither the judge nor the jury erred.

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent.*