### 3877. CHENEY *v.* THE STATE.

The act of 1910 (Acts 1910, p. 134) makes it a misdemeanor for a person "to carry around with him on his person, or to have in his manual possession outside of his own home or place of business," "any pistol or revolver, without first taking out a license from the ordinary" of the county of the party's residence. Where the accused had a pistol in his manual possession, on the public road, without the license thus required, the case was within the express terms of the act; and it would constitute no defense that his possession was only temporary, and solely for the purpose of transporting the pistol and delivering it to the owner, who had previously left it at the home of the accused.
              DECIDED JANUARY 30, 1912.

Certiorari; from Putnam superior court—Judge J. B. Park. November 11, 1911.

*Roy D. Stubbs,* for plaintiff in error.

*Joseph E. Pottle, solicitor-general, S. T. Wingfield,* contra.

HILL, C. J.   Sid Cheney was convicted of a violation of the act approved August 12, 1910 (Acts 1910, p. 134), entitled: "An act to prohibit any person from having or carrying about his person, in any county in the State of Georgia, any pistol or revolver without first having obtained a license from the ordinary of the county of said State, in which the party resides," etc.   On his trial the evidence clearly showed—indeed, it was not denied—that he had a pistol in his manual possession on the public road of the county in which he was indicted, and that he had not the license required by the statute.   The defense relied upon, based alone upon the defendant's statement to the jury, was that the pistol had been left at his house by a neighbor, to whom it belonged, and that he was carrying it to the house of the owner for the purpose of delivering it to him, and was not carrying it about his person within the purview of the statute, and therefore was not violating its terms; and he requested the court to instruct the jury to the effect that if they believed, under the evidence, that he had the pistol in his manual possession on the occasion referred to, for the sole purpose of returning it to its owner, it would be their duty to acquit him.   The refusal to give this instruction is assigned as error.

The judge instructed the jury that if they believed, under the evidence, beyond a reasonable doubt, that the accused had this pistol in his manual possession outside of his home, or place of business, no matter for what purpose, without first having obtained the license required by law, they would be authorized to find a verdict of guilty.   This statement of the law was too strong, but, under the facts of this case, it was harmless.   The object of the law is to prohibit any person without the license required from having about his person or carrying around in his possession a pistol or revolver. The proviso that he may have in his manual possession a pistol at his own home or place of business is the only exception made by the terms of the act.   While statutes must be given a reasonable construction for the purpose of carrying out the legislative intent, they should never be so liberally interpreted as to render ineffective this intent.   It certainly would afford the very broadest latitude for

the evasion of the terms and purposes of the act in question, if it should be held that a person without the license required by the statute could be allowed to take a pistol and carry it on his person and in his manual possession from his own home, for the purpose of delivering it to the alleged owner of the pistol, who resided elsewhere, and especially where the alleged owner lived at some distance from him.

The law does not state how long a person shall have in his manual possession and carry about his person a pistol or revolver, to constitute a violation of the statute. It simply provides that "it shall be unlawful for any person to have or carry about his person, in any county of the State of Georgia, any pistol or revolver, without first taking out a license from the ordinary" of the county in which he resides; and the only exception to the act is that he may have the pistol in his manual possession while in his own home or own place of business, without taking out the license. If he carries the pistol around on his person, or has it in his manual possession elsewhere without the license, he violates the express terms of the law. It may be true that the purpose of the statute was to lessen the pernicious habit of carrying on the person a pistol, and to supplement the law forbidding the having and carrying about the person of pistols or revolvers concealed; but if the evil habit could not be shown without proof of more than one act of having on the person a pistol, the object of the law would be defeated; and this court will not construe the statute with such latitude as would not only make evasion easy, but would render the act practically ineffective.

Besides, the express language of the statute forbids the manual possession of a pistol outside of the party's home or place of business without the license; and while it may be, as suggested by Mr. Justice Lumpkin in *Strickland* v. *State,* 137 *Ga.* 1 (72 S. E. 260), a too narrow and strict construction to hold that the act would be violated by picking up a pistol that had fallen from the window of his house on the public street, for the purpose of carrying it back into his house, or in similar cases of emergency, yet it certainly can not be reasonably contended that the act is not clearly violated under the facts of this case. 　　　*Judgment affirmed.*