### 5000.   AMOS *v.* THE STATE.

The verdict is without evidence to support it, and therefore is unauthorized by law.

DECIDED JULY 22, 1913.

Accusation of carrying pistol without license; from city court of Madison—Judge Anderson. May 27, 1913.

*Williford & Lambert,* for plaintiff in error.

*A. G. Foster, solicitor,* contra.

HILL, C. J. This was a conviction of a violation of the act approved August 12, 1910 (Acts 1910, p. 134), which makes it penal for any one "to carry around with him on his person, or to have

in his manual possession outside of his own home or place of business," a pistol or revolver, without first obtaining a license from the ordinary. The defendant's motion for a new trial being overruled, he brings error. The facts, briefly stated, are as follows: The accused lived with his wife in Social Circle. He was a musician and was employed to play in a restaurant in Madison, not far from Social Circle. He heard that one Hollis had threatened to shoot him, and, while he was asleep in his room in Madison, at his cousin's house, where he stayed while at work in Madison, Hollis came to the house looking for him and making threats against him. His cousin informed him of these threats, and he got up from his bed, dressed himself, went into his cousin's room, and took her pistol off the dresser, and held it in his hand for the purpose of defending himself against Hollis, who was then searching the house for him. Hollis came into the room where he was standing with the pistol and pulled out his own pistol, and thereupon the defendant shot him in the mouth. Hollis sank to the floor, his pistol falling out of his hand, and while he was down the defendant told him that if he attempted to raise his pistol he would shoot him again. Hollis got up, went out of the room, and walked home. The defendant put the pistol back where he got it and went away, but later voluntarily gave himself up to the sheriff of the county.

The purpose of the act in question was to prevent the evil of carrying pistols or revolvers on the person, or having them in manual possession while going from place to place, outside of one's home or place of business. The act should receive a reasonable construction; and, giving it a reasonable construction, we think that under the facts of this case the accused was not guilty of its violation. According to the undisputed evidence, he did not carry the pistol about on his person; it was not his, and he had it only a short time and for the purpose of immediate self-defense. He did not even keep it in his room, but took it from the dresser in the room of another person, compelled to do so by the exigency of self-defense. *Judgment reversed.*