*J. W. Powell, W. G. Harrison,* for plaintiff in error.

*C. A. Christian,* contra.

---

### 5442.   HARRIS *v.* THE STATE.

RUSSELL, C. J. 1. On the trial of one charged with a violation of the act approved August 12, 1910 (Acts of 1910, p. 134), which prohibits the carrying of a pistol without having obtained the prescribed license, the State makes a prima facie case, authorizing conviction, on proof that the accused carried a pistol about his person, and proof of the necessary jurisdictional facts, when it does not appear from any of the testimony introduced that he was at his home or at his place of business when he was carrying the pistol. If it can be inferred from the testimony adduced for the prosecution that the particular place at which he was carrying the pistol was at his home, or at a place which could properly be called his place of business, the State fails to make a prima facie case. But when the evidence for the prosecution discloses nothing more than that the accused was carrying a pistol without license at a point away from his home and at a place which no circumstance identifies as his place of business, a conviction is authorized, because the provisions of the statute excepting one's home and place of business from its operation are defensive in their nature, and must be established by proof sufficient to rebut the prima facie case to which reference has been made.

2. In the present case it is not to be inferred, from the evidence for the State, that the accused was employed to labor at the gin-house where

(according to the State's testimony) he was carrying the pistol; nor does it even appear that he had been directed to go there by his employer, or by any agent of the employer. In his statement at the trial he did not rest his defense upon the fact that he was at his home or at his place of business. He maintained that neither at that time or place nor at any other had he carried a pistol. The issue turned wholly upon the credibility of the witnesses; and since no error of law is assigned, and the verdict is approved by the trial judge, the judgment refusing a new trial must be affirmed. *Judgment affirmed. Roan, J., absent.*
                    DECIDED APRIL 30, 1914.

Accusation of carrying pistol without license; from city court of Oglethorpe—Judge Greer.  December 26, 1913.

*Jere M. Moore,* for plaintiff in error.
*Jule Felton, solicitor,* contra.