6888.   WEBB *v.* THE STATE.

RUSSELL, C. J.   1.   On the trial of one charged with a violation of the act approved August 12, 1910 (Acts 1910, p. 134, Park's Ann. Code, vol. 6, § 348 (a)), which prohibits the carrying of a pistol without having obtained the prescribed license, the State makes a prima facie case, authorizing a conviction, by proving that the accused carried a pistol about his person and proving the necessary jurisdictional facts, if it does not appear from any of the testimony introduced that he was at his home or at his place of business when he was carrying the pistol. *Harris* v. *State,* 14 *Ga. App.* 521 (81 S. E. 587).

2.   The statute just referred to should always be given a reasonable construction. *Strickland* v. *State,* 137 *Ga.* 1 (72 S. E. 260, 36 L. R. A. (N. S.) 115, 27 Ann. Cas. (1915B) 323); *Jackson* v. *State,* 12 *Ga. App.* 427 (77 S. E. 371); *Cosper* v. *State,* 13 *Ga. App.* 301 (79 S. E. 94); *Amos* v. *State,* 13 *Ga. App.* 140 (78 S. E. 866); *Harris* v. *State,* 15 *Ga. App.* 315 (85 S. E. 813). However, in so construing it a jury is not compelled to accept the statement of the accused, when it is not supported by any of the testimony in the case. The credibility of a defendant's statement is a matter for the jury, and in the present case the jury were not required to believe the defendant's explanation that the pistol carried by him was broken and was only being carried to a shop for repairs.

3.   There was no error in overruling the motion for a new trial.

*Judgment affirmed.*

DECIDED MAY 1, 1916.

Accusation of misdemeanor; from city court of Tifton—Judge Eve. August 2, 1915.

*J. B. Murrow,* for plaintiff in error.   *J. S. Ridgdill, solicitor.*