11425. ALEXANDER v. THE STATE.

LUKE, J. The evidence in this case authorized the conviction of the defendant, who was charged with carrying a pistol without a license; and it was not error to overrule and deny his petition for certiorari. See *Cheney* v. *State,* 10 *Ga. App.* 451 (73 S. E. 607) ; *Green* v. *State,* 23 *Ga. App.* 519 (98 S. E. 553).

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED JUNE 15, 1920.

Certiorari; from Putnam superior court — Judge Park. March 17, 1920.

Sidney Alexander was convicted in Putnam county court of the offense of carrying a pistol without a license. From the petition for certiorari it appears, that it was testified that the defendant had a pistol in his hand at the house of Daisy Lawson, and it went off and shot the lamp out, and, when the shot was made, Alonza Alexander, who had come with him to the house, grabbed the pistol and ran off with it, and the defendant remained at the house. The witnesses did not know who owned the pistol or who brought it to the house. The defendant, in his statement at the trial, said that the pistol did not belong to him and that it was brought to Daisy Lawson's house by Alonza Alexander; that when they got to the house Alonza took it out of his (Alonza's) pocket and tried to sell it to him, and he (the defendant) was merely looking at it when it went off and shot out the lamp, and Alonza grabbed it and ran off. The judge's answer to the certiorari states, that the evidence is correctly set forth in the petition except that one of the witnesses testified that he saw Alonza, not at Daisy Lawson's house, but up town, try to sell the pistol to Sidney Alexander; and no witness testified that at Daisy Lawson's house the defendant and Alonza were talking about a trade for the pistol. The petitioner alleged: that the judgment was contrary to law and to the evidence and without evidence to support it; that there was no evidence that he had the pistol with intent to carry it to some other place than that at which the manual possession began, and that the only evidence was that he had it in his possession for the purpose of examination; citing 12 *Ga. App.* 427.

*R. C. Jenkins,* for plaintiff in error.

*Doyle Campbell, solicitor-general,* contra.