## 6028.    BROWN *v.* THE STATE.

1. The carrying of the pistol is the corpus delicti of the statutory offense of unlawfully carrying a pistol without having obtained the license prescribed by law.
2. Proof of the corpus delicti is essential to authorize a conviction of crime.
3. The evidence of the defendant's guilt, which he was by force compelled to produce against himself, having been properly excluded, the testimony as to an inculpatory admission alone was wholly insufficient to authorize the judgment of guilty.

DECIDED DECEMBER 22, 1914.

Accusation of carrying pistol; from city court of Valdosta— Judge Cranford. October 3, 1914.

*Franklin & Langdale,* for plaintiff in error.

RUSSELL, C. J. Upon the trial of the plaintiff in error for the offense of carrying a pistol without having obtained the license required by law, a witness for the State testified that he and another person compelled the accused, at the point of a shotgun (with which the witness had just killed another negro), to hold up his hands and submit to a forcible search. The search of the defendant's person disclosed the fact that he was carrying a pistol. On timely objection to this testimony, upon the ground that neither the witness nor the person who accompanied him had a warrant, and that neither of them was authorized to execute warrants, or to arrest the accused or make the search, the court very properly excluded the testimony in reference to the search and the result

thereof. *Hughes* v. *State, 2 Ga. App.* 29 (58 S. E. 390). Thereafter the jailer testified that the defendant sold him a pistol which was delivered to the jailer at the same time the defendant was placed in his custody. The jailer testified: "Will Brown and another man made a trade with me to sell me two thirty-two Smith & Wesson pistols that they claimed were theirs. These were the pistols that were brought in by Mr. Hodge or Mr. McRee at the time the defendant was put in jail, about two weeks ago." Upon this testimony the court adjudged the defendant guilty; and the issue is presented as to whether this testimony was sufficient to authorize the conviction of the accused. We are of the opinion that it is wholly insufficient for that purpose, and that the court erred in overruling the motion for a new trial. The evidence of the jailer, at most, amounts to nothing more than an incriminatory admission on the part of the accused that he owned one of the pistols purchased by the witness. But even if there were ample evidence to identify the pistol as one owned by the defendant, and the offer of the accused to sell it be treated as an incriminatory admission, it is not sufficient to authorize the conviction. There is a very wide difference between a plenary confession and an admission of some fact, circumstance, or utterance merely incriminatory in its nature. Even a full confession will not authorize a conviction unless it be corroborated, and, while the law does not fix the character of the circumstances necessary for corroboration where the corpus delicti is proved (and, indeed, proof of the corpus delicti alone may be sufficient to corroborate the confession), nevertheless, there can never be a legal conviction of a criminal offense when there is no proof of the corpus delicti. In the present case there is no proof of the corpus delicti; for it is the *carrying* of the pistol which constitutes the corpus or body of the crime with which the accused was charged. It is no offense to own a pistol, and the admission of the accused went no further than a claim of ownership. So far as appears from the record, the jailer had never seen the defendant in possession of the pistol anywhere or at any time; and after the testimony obtained by unlawful seizure and search had been properly excluded, there was no testimony whatever that he had ever been in possession of the weapon.

Of course, in a trial of one charged with carrying a pistol without a license, the State makes a prima facie case when it shows the

accused to have been in possession of a pistol at any place other than his dwelling or place of business, and the authority conferred by the ordinary's license to carry the pistol is a matter of defense. But the defendant's admission that he owned a certain pistol, without more, does not authorize the inference that he carried it in a manner forbidden by law, or exclude the supposition that it was not carried in violation of law. The law in its humanity prefers the presumption of an innocent carrying (if it is shown that the defendant carried a pistol) ; and for this reason there was a failure in the present case to prove the primal fact—the corpus delicti— which is essential to authorize conviction of crime.

*Judgment reversed.*