## JORDAN v. THE STATE.

1. Although the statement of the defendant and the testimony of certain of the witnesses ‘made the crime of voluntary manslaughter one of the issues in the case, and while it would have been appropriate for the judge to state to the jury that the accused contended that, if the killing occurred under circumstances which did not justify the taking of the life of the decedent, the killing was done under such circumstances as would make it voluntary manslaughter, the omission to state this in terms will not work a new trial, where the court did properly charge the jury upon the subject of voluntary manslaughter.

2. The evidence presenting two conflicting theories of fact, one based upon circumstances indicating malice and tending to establish the charge of murder, while the evidence for the defendant tended to establish that the killing was justifiable homicide or voluntary manslaughter, the court did not err in instructing the jury, in effect, that if the homicide was established by the evidence as charged, "the law would place the burden upon the defense to show mitigation or justification or excuse; and unless the evidence produced by the State against the defendant show such justification or mitigation or such excuse, if the evidence produced against the defendant shows justification or mitigation or excuse, why then no burden would rest upon the defendant."

3. That the court failed, in instructing the jury as to circumstances which would make the killing justifiable homicide, to define the word "felony," that term being employed in the course of his instructions, is not cause for a new trial.

4. There being no exception to the 'court's charge upon the subject of voluntary manslaughter, a failure to inform the jury as to the legal penalty for voluntary manslaughter is not ground for a new trial. ˙ .

5. The evidence authorized the verdict.

MAY 12, 1915.

Indictment for murder.   Before Judge Park.   Hart superior court.   January 25, 1915.

*A. A. McCurry* and *A. G. & Julian McCurry,* for plaintiff in error. *Warren Grice, attorney-general, Thomas J. Brown, solicitor-general, W. L. Hodges,* and *A. L. Henson,* contra. .

BECK, J.    Ab Jordan was tried under an indictment charging him with the murder of one John Teasley. The jury returned a verdict of guilty, and the defendant made a motion for a new trial, which was overruled. To this ruling he excepted.

1.  The original motion for a new trial contains only the general grounds. The first ground of the amendment to the motion complains of the following charge of the court: "He contends that while he admits that he shot the person alleged to have been shot in that bill of indictment, he contends that at that time John Teasley was endeavoring by violence or surprise to commit a felony upon his person, and he contends that [in] what he did upon that occasion that he was justified under the laws of the State of' Georgia." The only criticism upon this charge is that the court erred in not stating that it was also a contention of the defendant that if the decedent was not committing a felony on the defendant, so as to justify the shooting, he was committing an assault and battery, which would reduce the offense to voluntary manslaughter, and that the court nowhere in its charge stated this as one of the defendant's contentions. Inasmuch as the evidence authorized a charge upon the subject of voluntary manslaughter, the court should, in stating the contentions of the defendant, have informed the jury that the accused contended that if the assault upon him was not of such a character as to justify the taking of the life of the decedent, still it was of such a character as would reduce the killing from the crime of murder to voluntary manslaughter; but the omission to state this as one of the contentions of the defendant should not work a reversal of the judgment refusing a new trial; for the court did charge the jury upon the subject of voluntary manslaughter, and there is no complaint of the instructions upon this subject. When the court charged upon the subject of voluntary manslaughter, it indicated that the evidence involved that grade of homicide; and if the defendant had desired a more explicit statement upon the part of the court to the effect that he contended that the homicide was committed under circumstances which reduced it to voluntary manslaughter, he should have requested the court to make a statement of that kind.

2.  The following charge of the court is complained of: "I charge you, gentlemen of the jury, that while the burden of proof rests upon the State, if the State has proven to your mind by the

evidence in the case, beyond a reasonable doubt, that the defendant in the county of Hart, on or about the time alleged in the bill of indictment, did with a certain pistol kill the person alleged to have been killed, and the defendant was the perpetrator of the offense, if any offense has been proven in this case, why then the law would place the burden upon the defense to show mitigation or justification or excuse; and unless the evidence produced by the State against the defendant show such justification or mitigation or such excuse, if the evidence produced against the defendant shows justification or mitigation or excuse, why then no burden would rest upon the defendant." The criticism made of this charge is that it is confusing in its terms, and is not a clear and explicit statement of the law in regard to the shifting of the burden of proof. It is unnecessary to discuss this criticism of a part of the court's instructions. The doctrine stated in the charge, though lacking in verbal precision, is substantially that approved in the case of *Mann* v. *State,* 124 *Ga.* 760 (53 S. E. 324, 4 L. R. A. (N. S.) 934). The same doctrine had been announced in previous decisions, which are cited and quoted in the *Mann* case, and this latter case has been followed in more recent decisions.

3, 4. Headnotes 3 and 4 require no elaboration.

5. The testimony of the witnesses for the State authorized the jury to find that the killing. of the decedent by the accused was without provocation, and under this evidence the jury were authorized to find the defendant guilty of the offense of murder. Evidently the jury accepted as true the State's version of the difficulty between the accused and the decedent, which resulted in the homicide. This is shown by the verdict.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*