### 12179.  YAUGHAN v. THE STATE.

</div>

LUKE, J.  The defendant was convicted of the offense of assault with intent to murder.  The evidence authorized the jury to believe that the defendant, while drunk, struck the prosecutor on the head and told her that he was going to kill her, and that as she was leaving his premises he fired at her twice in rapid succession with a pistol loaded with cartridges, and that the balls in the cartridges passed close to her head.  There was ample evidence to support the verdict.

The charge of the court was fair and full, and was not subject to any of the assignments of error.  For no reason assigned was it error · to overrule the motion for a new trial.

<div style="text-align:center">

*Judgment affirmed.   Broyles, C. J., and Bloodworth, J., concur.*

DECIDED APRIL 13, 1921.

</div>

Indictment for assault with intent to murder; from Crawford superior court — Judge Mathews.  January 5, 1921.

A ground of the motion for a new trial is that the court omitted

to charge the jury that the burden is upon the State to prove the defendant's guilt beyond a reasonable doubt, and that this burden is not shifted until the State has proved such guilt beyond a reasonable doubt. Another ground is that because of the omission so to charge in immediate connection with certain instructions on the presumption of innocence, the court erred in those instructions. The instructions referred to were as follows: "The defendant is presumed to be innocent, and that presumption remains in the case until evidence is produced which removes that presumption and establishes the guilt of the defendant to a reasonable and moral certainty and beyond a reasonable doubt. That means that you can not find this defendant guilty until all reasonable doubt of his guilt has been removed by evidence satisfactory to the jury."

Upon the ground that the court, by referring to "the evidence," without mention of the defendant's statement, excluded the statement from the jury's consideration, it is alleged that there was error in the following instructions: "A reasonable doubt is a doubt that is reasonable, growing out of a consideration of the evidence. The jury weigh the evidence, and they then determine what effect the evidence has as bearing upon the question of the guilt of the accused," etc. Other instructions were complained of for the same reason. After giving these instructions the court charged as follows: "The prisoner has made a statement. This statement is not made under oath, but it is entitled to receive such weight and credit as the jury see fit to give it. The jury may believe the statement in preference to the sworn evidence in the case if you think proper to do so, if you think it is worthy of such credit. What weight and credit you give the prisoner's statement is a matter in the judgment and conscience of the jury in trying to get at the truth of the case."

Upon the ground that the language of the judge assumed, and was an intimation to the jury, that "the witness sought to be impeached by the State was successfully impeached," it is alleged that the court erred in charging as follows: "Evidence has been introduced here in this case for the purpose of impeaching a witness. A witness is successfully impeached when the evidence satisfies the jury that the witness is not worthy of credit. Now, when a witness is impeached by the testimony is a matter for the jury. If the jury believes the evidence offered for the purpose of im-

peaching a witness in this case shows he is not worthy of belief, in the opinion of the jury, then the jury would set aside his testimony and would not consider it at all further than it was corroborated by other evidence or circumstances in the case; but, after all, the credibility of a witness is a matter peculiarly for the jury for them to say when a witness is to be believed, although evidence may be introduced for the purpose of impeaching a witness; in other words, it is for the jury to say when a witness is successfully impeached."

The court charged that if the defendant, " with a pistol," shot at Mrs. Smith with intent to kill her, he would be guilty of assault with intent to murder. It is alleged that this was error because the court " did not go far enough and instruct the jury that before they could find the defendant guilty of the offense of assault with intent to murder, they would have to believe that the weapon was a weapon likely to produce death." Other parts of the charge of the court are complained of for the same reason.

Instructions as to what constitutes murder are complained of on the ground that they " had no place on the trial of the case," because " the defendant was not charged with the offense of murder."

An instruction that " voluntary drunkenness is no excuse for crime " is complained of as being an assumption and an expression of opinion that the defendant voluntarily made himself drunk. An instruction that one can not " plead in defense " that he was drunk, unless he proves that he was made drunk against his will or by fraud, was complained of on the ground that the defendant " did not plead self-defense," but " pleaded that he did not do it at all."

It is alleged that the court erred in charging that after one has served out a minimum sentence fixed by the jury, " he may be allowed, under rules adopted by the prison commission, to finish the balance of his term outside of the walls of the penitentiary." This statement is complained of on the ground that the rules of the prison commission have nothing to do with the trial of a criminal case.

In charging as to the form of the verdict the judge said: " The Supreme Court has upheld a verdict under the law where the jury fixed the same minimum and maximum at not less than three nor more than three" years. It is alleged that "the giving of the

Supreme Court ruling in another case was an intimation to the jury to find the defendant guilty."

The court charged as to the right of the jury to make a recommendation which would reduce the punishment to that of a misdemeanor, in the event of a verdict of guilty. It is alleged that this was error because the legislature in 1919 " passed a law making the jurors the judges of the punishment in the trial of criminal cases," and taking that power away from trial judges.

*John R. Cooper, W. O. Cooper Jr.,* for plaintiff in error.
*Charles H. Garrett, solicitor-general,* contra.