20493. MELTON *v.* THE STATE.

Decided May 14, 1930.

J. R. Terrell, for plaintiff in error.
J. F. Hatchett, solicitor, contra.

BLOODWORTH, J. Lewis Melton was convicted under an accusation which charged him with carrying a pistol without first taking

out a license. The evidence shows that Tom Millen ran a filling station and owned a store about 150 yards from his residence in Meriwether county, Georgia. When he closed his store on the night of December 12, 1929, he picked up a little sack of money and his pistol, which he daily carried to and from his residence, and, while on his way home, stopped and entered an automobile in which Lewis Melton, the defendant, was sitting, sat down on the right side of the car, and placed his money-bag and pistol on the seat. After talking to the accused for a few minutes he left and went home, forgetting the pistol which he left on the seat' of the automobile. Soon thereafter Searcy Bates came along, got in the automobile, and sat down on the seat which Tom Millen had just vacated. Bates saw the pistol on the seat, but swore that the accused did not touch it while he was there, and that he had just got in the car when Mr. Hancock drove up. Mr. Hancock, a Federal officer, swore: "I walked up to this car and opened the door. Two men were sitting in the front seat. One was this defendant and the other Searcy Bates. Lewis Melton was sitting on the right side of the car when I opened the door. When I opened the door I threw my flash-light right on them. Lewis Melton's right hand was down by his side, and when he raised his hand up I saw a pistol lying on the seat by his side. The pistol was between him and the side of the car. His hand was over the pistol, and I could not see it until he moved his hand. . . Lewis Melton did not have the pistol in his hand, nor did he handle it after I got there. He told me that it was not his pistol, that he had borrowed it from Tom Millen." The defendant in his statement said in part: "When Tom Millen closed up his store he got his little sack of money and his pistol in his hands and came on out, locked the door, and came and sat down in the car with me for a few minutes. He laid the pistol down on the seat beside him. He got up and went home and left the pistol on the seat. I had never touched the pistol and did not touch it. . . The pistol was not mine, and I had nothing whatever to do with it." The defendant was convicted, and he excepted to the overruling of his motion for a new trial.

It has been consistently held by this court that the statute which makes it unlawful for one to carry about his person a pistol without first taking out a license therefor (Ga. L. 1910, p. 134; Michie's Penal Code, § 348(1)), should be liberally construed.

"The purpose of the act in question was to prevent the evil of carrying pistols or revolvers on the person, or having them in manual possession while going from place to place, outside of one's home or place of business." In *Brown* v. *State*, 15 *Ga. App.* 484 (83 S. E. 890), it was held: "The carrying of the pistol is the corpus delicti of the statutory offense of unlawfully carrying a pistol without having obtained the license prescribed by law." "Proof of the corpus delicti is essential to authorize a conviction of crime." In the opinion Russell, C. J., said: "There can never be a legal conviction of a criminal offense when there is no proof of the corpus delicti. In the present case there is no proof of the corpus delicti for it is the *carrying* of the pistol which constitutes the corpus or body of the crime with which the accused was charged." In *Jackson* v. *State*, 12 *Ga. App.* 427 (2) (77 S. E. 371), in discussing this statute, this court said: "The terms implied in the statute involve the idea of a duration, for some appreciable time at least, of the possession of a pistol, and the kindred idea that this possession is with the intent and purpose of carrying the weapon to some other place than that at which the manual possession began." In the instant case the strongest evidence against the accused is that of the federal officer who swore that "Lewis Melton did not have the pistol in his hand, nor did he handle it after I got there." According to the undisputed evidence the accused did not carry the pistol about his person, and the pistol was not his, and, as said above, there is no proof of the corpus delicti, for it is the *carrying* of the pistol which constitutes the corpus delicti. Nor is there any evidence that the accused intended to physically convey the pistol to some other place.

Under the facts of this case the accused was not guilty, and the court erred in refusing a new trial.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*