21292. WILLIAMSON v. THE STATE.

SUBMITTED JULY 10, 1961—DECIDED SEPTEMBER 7, 1961.

*Harris, Chance, McCracken & Harrison,* for plaintiff in error.

*George Hains, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson, Assistant Attorney-General,* contra.

GRICE, Justice. Error is assigned on the overruling of the plaintiff in error's motion for new trial following his conviction and penitentiary sentence for robbery by use of an offensive weapon. The general grounds having been abandoned, the six special grounds of the motion are for consideration.

1. Related grounds 4, 6(b), 7 and 8 are predicated upon remarks made by the trial judge, which plaintiff in error contends were expressions of opinion, in violation of *Code* § 81-1104. Each of these grounds is based upon what was said in colloquy with the defendant's counsel during the introduction of evidence. Since no motion for mistrial or other objection was made before verdict so as to constitute the bases for a proper assignment of error, this court cannot decide whether such remarks amounted to prohibited expressions of opinion. *Perdue v. State,* 135 Ga. 277 (1) (69 SE 184); *Herndon v. State,* 178 Ga. 832 (6) (174 SE 597); *Coates v. State,* 192 Ga. 130 (3) (15 SE2d 240). These grounds are thus without merit.

2. Ground 5 complains of the failure to grant defendant's motion for mistrial made when, it is alleged, counsel for the State asked a prosecution witness whether the defendant had

been arrested and the witness replied that he had, some six years previously. It is contended that this testimony placed the defendant's character in evidence.

This question and answer arose in the following manner. While on cross-examination this prosecution witness, in response to a question, denied that he had any ill will toward the defendant upon the occasion of the death of the witness's sister. He stated that he had not tried to fix the blame for her death upon the defendant and that the defendant had not been arrested for it. Then, on subsequent redirect examination by the State, this witness answered that the defendant had been arrested upon a different occasion some six years before. This latter answer prompted the motion for mistrial.

Putting aside other approaches to the problem involved in this particular ground and not deciding whether this testimony did or did not put the defendant's character in evidence, our view is that this evidence was competent, relevant and material for the purpose of disproving the major contention of the defendant and thus discrediting his defense. The defendant had contended that this witness, the victim of the alleged robbery, had not been robbed at all, but was prosecuting through ill will towards the defendant. Accordingly, it was proper for this witness to seek to refute this contention by showing that prior to the crime he and the defendant were in fact upon friendly terms and that he had befriended the defendant by driving his father to Savannah and providing the money to free him from jail following his arrest testified to. Under these circumstances, the rule is well established that "it affords no valid ground of objection that such evidence may tend incidentally to put the defendant's character in issue." *Owensby v. State*, 149 Ga. 19 (case 2) (98 SE 552); *Rooker v. State*, 211 Ga. 361 (5) (86 SE2d 307); and authorities cited. Therefore, this ground is not meritorious.

3. Ground 6(a) complains of the refusal of the trial judge to permit the defendant to recall the prosecuting witness for further cross-examination. Defendant's counsel stated that after questioning him he had learned that this witness had "served a conviction in the State of South Carolina," and that he expected

to show that fact by the desired further cross-examination. This is not being an offer to prove conviction of a crime involving moral turpitude, such testimony would not have established general bad character for the purpose of impeachment and hence would have been irrelevant. *Bryant v. State,* 191 Ga. 686 (2) (13 SE2d 820), and cases cited. This ground is without merit.

4. Ground 9 is that the trial court erroneously admitted in evidence an uncertified report of the United States Department of Justice, Federal Bureau of Investigation, purportedly showing this defendant's criminal record. Objection was made upon the ground that the document was uncertified and was hearsay.

This report was sought to be identified by a witness who was the criminal investigator in the office of the Sheriff of Richmond County. He testified, "[T]his paper that I am holding in my right hand is the United States Department of Justice, Federal Bureau of Investigation, Fingerprint Classification Card. It shows a record of whether or not Mr. John Q. Williamson has been arrested or charged with any offense." Its later introduction in evidence occurred when counsel for the State addressed the court as follows: "I would like to offer this United States Department of Justice, F.B.I. record in evidence as State's Exhibit. (No. 2)." Defendant's counsel then objected upon the ground that it was not certified and was hearsay. Thereupon the State's counsel replied, "This is the official record from the F.B.I. Department as furnished to the Sheriff of Richmond County." Then followed the court's ruling: "Overrule the objection."

It is not clear from the record whether the document complained of was the original or a copy of the F.B.I. report. Whichever it was, the result is the same upon the question of its admissibility or nonadmissibility.

The rule applicable to this situation is set forth in *Pressley v. State,* 205 Ga. 197, 206 (53 SE2d 106): "In the absence of such admission in open court that the document is the original public record, such public record can be proved only by a duly certified copy thereof."

The document here involved bore no indication of certification and no effort was made to admit it as a certified copy as is the general practice.

There was no admission in open court by the defendant that the document was the original public record. The witness seeking to identify it was not its custodian from the Federal Bureau of Investigation. Nor was he familiar with the facts as to its authenticity. Therefore, even if the report was the original, it was not proper evidence.

We, therefore, hold that the admission in evidence of this document was erroneous. Was this error harmful? We cannot say that it was not.

This report, with abbreviations not in each instance identifiable, embraces eight charges from 1946 to 1955. The offenses listed are varied, ranging from the Dyer Act to white slave traffic, and including simple larceny. While it appears that the subject served time in confinement, some of the notations apparently relate to pending matters—or perhaps only to suspected criminal activity. This report may have strongly impressed the jury. It is to be remembered that there were no eye-witnesses to the alleged robbery for which the defendant was being tried. The prosecuting witness testified that the defendant robbed him and the defendant testified that he did not. In such a situation it is quite likely that a purported F.B.I. record of crimes committed by the defendant may have caused the jury to assume that he committed this one also.

Accordingly, we hold that this error requires the grant of a new trial, and therefore the judgment of the trial court is

*Reversed. All the Justices concur.*