## 25290. GRIMSLEY v. THE STATE.

FELTON, Justice. The accused was indicted, tried and convicted of robbery with an offensive weapon based upon the direct testimony of an accomplice, who was identified as the actual holder of the weapon, that this accused was the "lookout man."

1. There was ample evidence other than that of the accomplice, some of which was circumstantial in nature, that the accused was seen before and after the crime in the company of the persons who were identified positively as those performing the robbery; that there was a "lookout" who remained at the door of the supermarket during the robbery who was identified, on the basis of his hair, size and build, as resembling the accused. The corroborative testimony need not be sufficient to sustain a conviction, but it must corroborate the accomplice's testimony in every material way. *Pritchard v. State,* 224 Ga. 776 (164 SE2d 808); *Hargrove v. State,* 125 Ga. 270 (54 SE 164); *Rawlins v. State,* 124 Ga. 31 (52 SE 1); *Sutton v. State,* 223 Ga. 313 (2) (154 SE2d 578); *Park v. State,* 224 Ga. 467 (162 SE2d 359). There is no merit in the general grounds of the motion for new trial or in the enumeration of error that the evidence was insufficient to corroborate the testimony of the accomplice.

2. During the trial the court was requested by counsel to require this witness to answer a question, but the court replied: "I'm not exactly sure that the question really amounts to a great deal," which is an expression of an opinion of small regard for the question asked by counsel. However, the ruling requires an objection that the court has expressed an adverse opinion detrimental to the accused. *Barnett v. Strain,* 151 Ga. 553 (5) (107 SE 530); *Tanner v. State,* 163 Ga. 121 (9) (135 SE 917); *Trussell v. State,* 181 Ga. 424 (182 SE 514). There having been no objection or motion at the trial, it is too late to raise an objection on appeal.

3. Examination of the record does not disclose that the court unduly prevented a thorough and sifting cross examination of the witness when he advised counsel that the witness had answered that he was not sure of the name of the brickyard where they had divided the money, and to move on to something else. This ground is not meritorious.

4. The brown paper bag found with coins in it, dropped by the robber while in the company of the accused shortly after

the robbery, which was similar to, if not the same as, the bags used in the robbery, was a circumstance and was properly allowed in evidence.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 14, 1969—DECIDED SEPTEMBER 29, 1969.

*O. L. Crumbley,* for appellant.

*Jack J. Gautier, District Attorney, Fred M. Hasty, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, Mathew Robins, Assistant Attorneys General,* for appellee.