## 27300.  EZZARD v. THE STATE.

MOBLEY, Chief Justice. The appellant was convicted of the offenses of robbery by intimidation and by use of a pistol, and two misdemeanors, carrying a concealed pistol and carrying a pistol without a license. His motion for new trial on the general grounds was denied. He filed notice of appeal from his conviction and sentence and from the denial of his motion for new trial.

1. The appellant having failed to argue his enumerated error complaining of the denial of his motion for new trial, or to support it with citation of authority, it is considered abandoned.

2. Enumeration 2 alleges that the court erred in injecting its opinion into the trial by questions to a witness of the appellant in violation of *Code* § 81-1104, which prohibits the judge from expressing or intimating his opinion as to what has or has not been proved. The witness was principal of the high school the appellant attended. He was questioned by the appellant's counsel as to what his records showed as to whether the appellant was at school at a certain time on the morning of the robbery. The trial court during the cross examination of the witness did ask questions of him. While it does not appear that the court committed harmful error in asking the questions, the failure of the appellant to object to the questions or to move for a mistrial at the trial estopped him from raising an objection on appeal. *Williamson v. State,* 217 Ga. 162 (1) (121 SE2d 782); *Grimsley v. State,* 225 Ga. 567 (2) (170 SE2d 238), and cases cited. This enumerated error is without merit.

3. Enumeration 3 alleges that the court erred in making the appellant carry the burden of proof and present inconsistent theories of defense regarding two misdemeanor charges of carrying a pistol without a license and carrying a concealed pistol.

There is no merit in the appellant's contention that he was required to carry the burden of proof on the two mis-

demeanor charges. The State had the burden to show, and did show, that the appellant carried a pistol on his person, outside his home, not "in an open manner and fully exposed to view." *Code Ann.* § 26-2901 (Ga. L. 1968, pp. 1249, 1323). The appellant *in defense* had the privilege of showing that he had a license to carry the pistol. See *Reed v. State,* 195 Ga. 842, 850 (25 SE2d 692); *Blocker v. State,* 12 Ga. App. 81 (3) (76 SE 784); *Brown v. State,* 15 Ga. App. 484 (83 SE 890); *Elkins v. State,* 17 Ga. App. 479 (87 SE 713); *Webb v. State,* 18 Ga. App. 44 (88 SE 751); *Fanning v. State,* 39 Ga. App. 531, 532 (147 SE 788).

The prosecution was required to try all of the charges in one trial, unless the judge ordered them to be tried separately. *Code Ann.* § 26-506 (b, c) (Ga. L. 1968, pp. 1249, 1267). The State's evidence on the armed robbery charge and the misdemeanor charges involved the same incident. A successful defense to the main charge of armed robbery would dispose of the lesser charges. The fact that a defense to the lesser charges by proof that the appellant had a license to carry a pistol, and was not carrying a pistol in a concealed manner on the occasion charged, might prejudice his defense to the felony charge, is not a matter of which he has a right to complain.

4. "It was not error for the court to fail to advise the defendant that he had the right to counsel and to present evidence in his behalf, where he had competent counsel and the defendant voluntarily made an unsworn statement." *Abrams v. State,* 223 Ga. 216 (5) (154 SE2d 443). The foregoing ruling is controlling, adversely to the appellant's contention in enumeration 4.

5. The fifth enumeration of error alleges that the court erred in failing to instruct the jury that intent is a substantial element in the crime of robbery. This court in *Hensley v. State,* 228 Ga. 501 (3) (186 SE2d 729), held adversely to the appellant's contention on this identical question, when we ruled that: "The trial court did not err, certainly, in the absence of a request therefor, to

charge in any other language than that used with respect to the necessity that they find that the defendant possessed a criminal intent before they would be authorized to convict. The court instructed the jury by defining armed robbery in the language of § 26-1902 of the Criminal Code of Georgia. This section includes the language, 'with intent to commit theft,' not embodied in the former Code section defining robbery and, therefore, the rulings of this court in cases such as *Rutherford v. State,* 183 Ga. 301 (2) (188 SE 442), and *Nelson v. State,* 203 Ga. 330 (3) (46 SE2d 488) to the effect that a charge defining armed robbery in the language of former *Code* § 26-2501 was not a sufficient definition of robbery to inform the jury of all the essential elements of the offense cannot be applied to instructions in the language of the new *Code Ann.* § 26-1902. . ." This enumerated error is without merit.

6. The sixth enumeration of error alleges that the court erred in failing to charge the jury that it was within their power, in case of conviction, to recommend misdemeanor punishment. The appellant contends that robbery by use of an offensive weapon is not one of the felonies excepted from the provisions of *Code Ann.* § 27-2501 (Ga. L. 1939, pp. 285, 287), authorizing the jury to recommend misdemeanor punishment in all felonies except those specified therein, and relies on *Moody v. State,* 216 Ga. 192 (3) (115 SE2d 526), holding that it was error not to charge the jury that they were authorized to recommend misdemeanor punishment where the accused was charged with robbery by the use of an offensive weapon.

*Code Ann.* § 27-2501 and *Moody v. State,* 216 Ga. 192 (3), supra, would be controlling against the State's position in the present case except for the fact that the legislature enacted *Code Ann.* § 26-3101 (Ga. L. 1968, pp. 1249, 1334), effective July 1, 1969, which repealed by implication those provisions of § 27-2501 that are in conflict with it. Georgia Laws 1968, pp. 1249, 1351, § 5, provides that "all laws and parts of laws in conflict with this act are hereby repealed."

*Code Ann.* § 26-3101 (Ga. L. 1968, pp. 1249, 1334) provides that: "When a defendant is found guilty of a felony punishable by imprisonment for a maximum term of 10 years or less, the jury that determines the sentence may recommend that the defendant be punished as for a misdemeanor. The judge may, in his discretion, follow the recommendation of the jury." *Code Ann.* § 27-2501 is clearly in conflict with *Code Ann.* § 26-3101, and by implication is repealed. Since robbery by the use of an offensive weapon is an offense punishable by imprisonment for a maximum term exceeding ten years (*Code Ann.* § 26-1902; Ga. L. 1968, pp. 1249, 1298; Ga. L. 1969, p. 810), the court did not err in failing to charge that the jury could recommend misdemeanor punishment.

*Judgment affirmed. All the Justices concur.*
Submitted July 11, 1972—Decided September 13, 1972.

*Mobley F. Childs,* for appellant.

*Lewis R. Slaton,* District Attorney, *Morris H. Rosenberg, Joel M. Feldman, Carter Goode, Arthur K. Bolton,* Attorney General, *Harold N. Hill, Jr.,* Executive Assistant Attorney General, *Courtney Wilder Stanton, William F. Bartee, Jr.,* Assistant Attorneys General, for appellee.