## 52043. HARRISON v. THE STATE.

EVANS, Judge.
Defendant was indicted for murder but convicted of voluntary manslaughter and sentenced to a term of 10 years. Motion for new trial was filed and denied, and defendant appeals. *Held:*
1. There is no merit in the first enumeration of error which complains of a denial of a motion for mistrial based

upon improper and prejudicial hearsay testimony introduced by a state's witness. The witness, an officer seeking to arrest the defendant after the alleged crime, had approached a relative's dwelling looking for him. As a witness, he was then asked: "Did anything happen?" The officer volunteered that the relative said "What has he got into now?" At this moment the court admonished the witness that he could not say what anybody told him outside the hearing of the defendant. After the motion for mistrial, the court admonished the jurors not "to pay one iota of attention to this remark just made. This was an improper remark and you should disregard it entirely and altogether." The corrective action by the court was sufficient, and a mistrial was not in order. See *Osteen v. State,* 83 Ga. App. 378 (2) (63 SE2d 692); *Carrigan v. State,* 206 Ga. 707 (3) (58 SE2d 407).

2. An eyewitness testified that when the victim accused the defendant of stealing items from his home, the defendant became "mad" and stabbed the victim. Based upon this evidence, the court charged the substance of Division (a) and (b) of Code § 26-902 as to the use of force in self-defense. The evidence was conflicting, but there was some evidence that the defendant initially provoked the attack, was the aggressor, and sought to flee after the commission. The court did not err in giving this charge. Even though not every phrase and portion of the Code section be applicable, it is generally held that a new trial will not be granted if the court gave in charge an entire statute or Code provision where a part thereof is applicable even though a part may be inapplicable under the facts in evidence. See *Highland v. State,* 127 Ga. App. 518 (1), 519 (194 SE2d 332); *Thompson v. Mitchell,* 192 Ga. 750 (2) (16 SE2d 540); *Pippin v. State,* 205 Ga. 316 (9) (53 SE2d 482); *Ford v. State,* 232 Ga. 511, 517 (12) (207 SE2d 494).

3. One of the defenses of the defendant was that the victim was cut or stabbed as a result of misfortune or accident as well as justifiable homicide. There was testimony by another eyewitness as well as the defendant that the victim was the aggressor in an argument with the defendant, that the victim reached for a knife on the table and in the struggle as he fell to the floor, he was "stuck" with the knife. Under the circumstances, there was

evidence that the killing was accidental, and the court should have charged the law relating to misfortune or accident without request. See *Coleman v. State,* 208 Ga. 511 (1) (67 SE2d 578) and cits. The case is somewhat similar to *Whigham v. State,* 131 Ga. 261 (205 SE2d 467) but differs considerably as to the facts as to aggression on the part of the victim, the events leading up to the killing, and the sworn testimony showing the positive defense of accident. A charge on accident was demanded even without request since this was one of defendant's principal defenses, and the grant of a new trial of the entire case is required.

4. The next enumeration of error complains of an alleged error in considering prior convictions during the sentencing phase of the case. Such convictions are inadmissible unless it is affirmatively shown by the state that the accused was represented by counsel at the prior proceeding and that his rights were protected. See *Houser v. State,* 234 Ga. 209, 214 (15) (214 SE2d 893); *Dent v. State,* 136 Ga. App. 366 (221 SE2d 228); Argersinger v. Hamlin, 407 U. S. 25 (92 SC 2006, 32 LE2d 530); *Turner v. Hopper,* 231 Ga. 672 (203 SE2d 481). This was not done, hence this error would require a new trial as to the sentencing phase only, but a new trial will also be required under Division 4.

5. The evidence was conflicting in nature as to whether or not the killing resulted from malice, justifiable homicide, misfortune, or accident. Hence, the evidence was sufficient to support the verdict.

6. But for the reason stated above, a new trial is necessary.

*Judgment reversed. Pannell, P. J., and Marshall, J., concur.*

Submitted April 8, 1976 — Decided April 21, 1976.

*Jim M. Foss, Kenneth C. Fuller,* for appellant.
*F. Larry Salmon, District Attorney, Robert D. Engelhart, Assistant District Attorney,* for appellee.