## 53224. GRIFFIN v. THE STATE.

SMITH, Judge.
Alvin Griffin, the appellant, was convicted of burglary in the Muscogee County Superior Court. The appeal to this court charges there was insufficient circumstantial evidence to support the conviction, there were certain prejudicial comments from the court, the assistant district attorney and a state witness during the trial and improper considerations entered into the sentence. We reverse.

1. The record is replete with direct evidence linking the defendant to the crime, including eyewitness

testimony. The enumerations of error dealing with the insufficiency of circumstantial evidence are without merit.

2. The appellant was referred to by the assistant district attorney as "Alvin the thief" and "Honest Alvin" during cross examination of Charles Lewis, appellant's co-indictee. Without deciding whether the appellations were improper or prejudicial, we note that no objections were raised at trial, and, for the issue to be preserved for appeal, there must be timely objection to afford the court an opportunity to remedy the error and prevent recurrence. *Joyner v. State,* 208 Ga. 435 (2) (67 SE2d 221).

3. "Code § 81-1104 provides: 'It is error for any judge of a superior court, in any case, whether civil or criminal or in equity, during its progress, or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved, or as to the guilt of the accused; and should any judge of said court violate the provisions of this section, such violation shall be held by the Supreme Court or Court of Appeals to be error, and the decision in such case reversed, and a new trial granted in the court below, with such directions as the said Supreme Court or Court of Appeals may lawfully give.' It is error to violate even the spirit of this section. *Taylor v. State,* 2 Ga. App. 723 (3) (59 SE 12). And a violation thereof is a mandatory cause for a new trial. [Cits.]" *Crawford v. State,* 139 Ga. App. 347, 348 (228 SE2d 371). In the present case, the trial judge, during cross examination of Charles Lewis, interposed his own questions and the following transpired:

"Q. Let's see if he understands the question Mr. Pullen. Mr. Pullen is asking you if at the Hearing in Recorder's Court when the Police testified to what they say, if you spoke up and told the Judge up there that this man didn't have anything to do with it, that you did it all yourself. Did you do that at that time? A. I'm trying to think. Q. Now you know whether you did or didn't. A. I told them that he didn't have nothing to do with it. Q. You told the Recorder that he didn't have anything to do with it — in open court? A. I think that's what I said. Q. Well, we don't want what you think you said. Did you do that or didn't you? Now, we don't want any perjury, you're already charged with Theft by Taking and perjury carries

more than that now. I want to know whether you did or didn't. A. I got bad nerves, you know, and between that time — I'm trying to think — I think I told them that — I'm not sure." The judge then ceased questioning the witness, but he later allowed the assistant district attorney, over objection, to warn the same witness, before he answered a question, that perjury carries a penalty of one to ten years in the penitentiary. Still later, during cross examination of a witness called for rebuttal, there was some discussion of what Mr. Lewis had said in his testimony and the judge interjected, "Yes, I believe Lewis eventually said that he did not make any statement in Recorder's Court."

From these statements, all in the presence of the jury, the judge appeared to be expressing his opinion as to the witness' credibility, and also as to what had been proved. A trial judge's warnings, in open court, that a witness is flirting with perjury could mean but one thing to a reasonable juror: the judge thinks the witness is lying. Code § 81-1104 leaves this court no discretion in determining whether an erroneous intimation of opinion by the trial judge is harmful or harmless. Where, as here, the trial judge has made statements showing his personal doubts about a defense witness' credibility, we have no choice but to order a new trial.

4. At the pre-sentence hearing, prior convictions against the appellant were introduced for the trial judge's consideration. Since there was no affirmative showing by the state that the appellant was represented by counsel at the prior proceedings and that his rights were protected, it was error to consider the prior convictions. *Harrison v. State,* 138 Ga. App. 419 (4) (226 SE2d 480).

*Judgment reversed. Bell, C. J., Quillian, P. J., Webb and Shulman, JJ., concur. Deen, P. J., Marshall, McMurray and Banke, JJ., dissent.*

Submitted January 18, 1977 — Decided April 7, 1977 — Rehearing denied May 23, 1977 —

*Grogan, Jones, Layfield & Swearingen, Ben B. Philips, John C. Swearingen, Jr.,* for appellant.

*E. Mullins Whisnant, District Attorney, Douglas C. Pullen, Assistant District Attorney,* for appellee.

McMURRAY, Judge, concurring in part and dissenting in part.

I concur fully with Divisions 1, 2 and 4 of the majority opinion. The defendant was represented by counsel in one of the prior convictions but not the other. Therefore, I concur fully with Division 4. I would remand for proper sentencing, and a new trial is not necessary as to that error. See Argersinger v. Hamlin, 407 U. S. 25, 40 (92 SC 2006, 32 LE2d 530).

But I dissent from Division 3 for two reasons:

First: The court did not express or intimate an opinion as to what had or had not been proved, or as to the guilt of the defendant, although he re-phrased the assistant district attorney's question to the defendant as a witness and reminded the witness not to commit perjury.

Second: Counsel for defendant made no objection nor did he move for a mistrial as a basis for an assignment of error. Hence the alleged error has been waived. See *Williamson v. State,* 217 Ga. 162 (1) (121 SE2d 782); *Grimsley v. State,* 225 Ga. 567 (2) (170 SE2d 238); *Ezzard v. State,* 229 Ga. 465 (2) (192 SE2d 374).

I am authorized to state that Presiding Judge Deen, Judge Marshall and Judge Banke join in this dissent.