## 53740. LOFTON v. THE STATE.

McMurray, Judge.

Defendant was indicted for the offense of robbery occurring on the 6th of February, 1976, in Count 1. Count 2 was an indictment for criminal attempt to commit robbery occurring on the 26th of February, 1976. He was convicted as to each count and sentenced to serve 20 years as to Count 1 and five years as to Count 2 to run concurrently with the 20 year sentence. Motion for new trial was filed, thereafter amended, and denied. Defendant appeals. *Held:*

1. The substance of the first enumeration of error is that the trial court committed fatal error by becoming an advocate for the state in examining the two expert

witnesses, one a psychiatrist and one a clinical psychologist, who were testifying as to the mental condition of the defendant. Counsel refers to the entire testimony for examination stating that one expert began testifying at page 6 of the transcript and refers to other questions by the court asked of the second witness as continuing at page 122 and culminating at page 129. We have examined the entire record and the transcript, but we are not certain which of the additional questions contained therein the defendant would have contended to be suspect of being an expression or intimation of opinion as to what has or has not been proven or infers the guilt of the defendant. However, as to those we have examined, including those cited, we find that no objection nor motion for a mistrial was made as a basis for assignment of error. A party cannot sit idly by and ignore what appears to him to be an injustice, in the hope of a favorable verdict, and then complain when these hopes are denied him by an unfavorable one. See *Williamson v. State,* 217 Ga. 162 (1) (121 SE2d 782); *Grimsley v. State,* 225 Ga. 567 (2) (170 SE2d 238); *Ezzard v. State,* 229 Ga. 465 (2) (192 SE2d 374); *Crowder v. State,* 233 Ga. 789, 790 (3) (213 SE2d 620). The trial judge does have the right to ask questions of the witnesses during the trial. See *Epps v. State,* 19 Ga. 102, 118 (5). But the court should be extremely careful not to inject itself into the trial so as to appear an advocate for either side. However, the enumeration of error here is not meritorious since no motion for mistrial or other objection was made, and the error, if any, was waived.

2. The second enumeration of error involves an objection to the question asked of one of the experts as part of the thorough and sifting cross examination of that witness with reference to sanity and insanity by sending the defendant back to Central State Hospital so that he could be put back on the street again so he could rob another bank. Objection was made that the question was inappropriate. The court merely answered, "He is on cross-examination. You may proceed." But the assistant district attorney did not proceed with that line of questioning and proceeded to something else. The question was inappropriate but was never answered. Thus, even though the question was highly argu-

mentative on the part of the assistant district attorney, the state did not proceed with that line of questioning. This case differs on its face from *Hornsby v. State,* 139 Ga. App. 254, 256 (3) (228 SE2d 152), in which such line of questioning as to the credibility of the witnesses resulted in prejudicial error. We find no harmful error here inasmuch as the assistant district attorney did not pursue this line of questioning. Indeed, the witness did not even answer it, nor was he required to answer same. This enumeration of error is without merit.

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

SUBMITTED APRIL 4, 1977 — DECIDED MAY 19, 1977 — REHEARING DENIED JUNE 20, 1977.

*Robert C. Ray,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, R. David Petersen, Assistant District Attorneys,* for appellee.