## 32631. THE STATE v. GRIFFIN.

UNDERCOFLER, Presiding Justice.

We review the grant of certiorari to the state challenging Division 3 of the Court of Appeals opinion in *Griffin v. State,* 142 Ga. App. 362 (235 SE2d 724) (1977). The facts in contest are fully set out in that opinion and will not be repeated here. In a five-to-four opinion, the Court of Appeals reversed Griffin's conviction holding certain comments and questions propounded to Griffin by the trial judge during examination and cross examination were reversible error. Concluding the trial judge appeared to be expressing his opinion as to the credibility of the witness and also as to what had been proved, the Court of Appeals states that a violation of Code Ann. § 81-1104 (Ga. L. 1850, Cobb 462) is a mandatory cause for a new trial. The Court of Appeals opinion appears to hold that the purported statements require reversal regardless of whether there was a contemporaneous objection entered. The question of whether Code Ann. § 81-1104 has been violated is not reached unless an objection or motion for mistrial is made. In applying Code § 81-1104 this court stated in *Ezzard v. State,* 229 Ga. 465 (2) (192 SE2d 374) (1972) that, ". . . [T]he failure of the appellant to object to the questions or to move for a mistrial at the trial estopped him from raising an objection on appeal." Accord, *Coffee v. State,* 230 Ga. 123, 124 (4) (195 SE2d 897) (1973).

*Division 3 and the judgment of the Court of Appeals opinion are vacated. The case is remanded to the Court of Appeals for further consideration consistent with this opinion. All the Justices concur, except Bowles, J., who concurs in the judgment only, and Hall and Hill, JJ., who dissent. Marshall, J., disqualified.*

SUBMITTED OCTOBER 28, 1977 — DECIDED JANUARY 5, 1978.

*E. Mullins Whisnant, District Attorney, Lovick P. Anthony, Assistant District Attorney,* for appellant.

*Grogan, Jones & Layfield, Ben B. Phillips,* for appellee.

HILL, Justice, dissenting.

This case is before this court on certiorari to the Court of Appeals. On certiorari we are supposed to take only cases of gravity and importance. I fail to find any gravity or importance in this case and I therefore dissent.

I am authorized to state that Justice Hall joins in this dissent.