### 53224. GRIFFIN v. THE STATE.

SMITH, Judge.

The Supreme Court ordered the vacation of Division 3 of our prior opinion in this case (*Griffin v. State,* 142 Ga. App. 362 (235 SE2d 724) (1977)) and remanded it for further consideration not inconsistent with its opinion. *State v. Griffin,* 240 Ga. 470 (1977). Accordingly, Division 3 is vacated. Divisions 1, 2 and 4 of our prior opinion were not affected by the Supreme Court decision. Accordingly, the judgment of the conviction is affirmed but by reason of Division 4, the sentence is vacated and the case is remanded for proper sentencing.

*Judgment of conviction affirmed, sentence vacated and case remanded for resentencing. Bell, C. J., and McMurray, J., concur.*

DECIDED MARCH 16, 1978.

*Grogan, Jones, Layfield & Swearingen, John C. Swearingen, Jr., Ben B. Philips,* for appellant.

*E. Mullins Whisnant, District Attorney, Douglas C. Pullen, Lovick P. Anthony, Assistant District Attorneys,* for appellee.

SMITH, Judge. *Addendum.*

When this case originally appeared before this court, a majority of the judges concluded that the trial judge had intimated his opinion as to the credibility of a defense witness, and Griffin's burglary conviction was reversed. *Griffin v. State,* 142 Ga. App. 362 (235 SE2d 724) (1977).

The Supreme Court granted certiorari and vacated the decision, holding that the mandatory reversal provision of Code § 81-1104 does not apply unless the defendant objects to the trial court's expression of opinion. *State v. Griffin,* 240 Ga. 470 (1977). The case has been remanded to this court for further consideration, and we in turn affirm the judgment of conviction but remand the case to the superior court for proper resentencing. I am writing this addendum to emphasize that I vote to affirm the conviction only because the Supreme Court's decision requires me to do so.

Code § 81-1104, and the case law which has interpreted it, formulate a rigid and strict prohibition against a trial court's expression of any opinion as to what has or has not been proved. The code section provides in part that any such expression in a jury trial "shall be held ... to be error, and the decision in such case reversed, and a new trial granted." In its decision here, the Supreme Court has affirmed a procedural rule, judicially annexed to the language of this statute, holding that even this most prohibited error of judicial conduct will not be reviewed on appeal absent timely objection in the trial court. It is this writer's opinion, however, that the Supreme Court has defeated the purpose of Code § 81-1104. For there are times, as the Supreme Court has recently recognized,[1] when the interests involved demand that an appellate court should review certain issues even though they were not raised below, and one such time is where the trial judge has so injected himself into the factfinding process that he has surely influenced the jury's decision. See United States v. Woods, 252 F2d 334 (2d Cir. 1958), where the conviction was reversed because the trial judge had expressed his opinion that the defendant was guilty, but defense counsel failed to object at trial.

The Supreme Court's opinion fails to distinguish (or even mention) *Jacobs v. Hopper,* 238 Ga. 461 (233 SE2d

---

[1] See *Brown v. Housing Authority of the City of Atlanta,* 240 Ga. 647 (1978), considering constitutional questions raised initially on appeal because of "public interests" involved.

169) (1977), and I am able to find no material distinction. In *Jacobs,* the appellant had objected to admission of a co-defendant's confession solely on voluntariness grounds. The trial court held a hearing and determined the confession was voluntary and admitted it. In this habeas corpus case, however, the Supreme Court reconsidered the propriety of admitting the confession in light of the confrontation standards announced in Bruton v. United States, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968), *although no Bruton objection had ever been raised at the trial level.* The per curiam opinion did not deal with the appellant's failure to raise the confrontation objection at trial, but granted a new trial because, "After a thorough examination of the record, we are unable to find that appellant was not harmed by the introduction of the evidence and we therefore must reverse. . ." 238 Ga. 463. Why was the failure to preserve the error casually overlooked in *Jacobs* but not here? A possible explanation is found in Justice Jordan's concurring opinion in *Jacobs* (238 Ga. 464 et seq.), in which he explains that under the facts of the case the failure to object did not waive the right to confrontation, that right being of constitutional magnitude. But *Jacobs* is still indistinguishable. Just as the specific constitutional right to confrontation was not deemed waived by Jacobs' failure to object, neither should Griffin's fundamental, pervasive, and all-important right to a fair trial be deemed waived by a failure to call to the trial judge's attention his own blatant over-reaching. The right to confrontation discussed in Bruton and applied in *Jacobs* is but one aspect of the broader right to a fair trial, and both of those rights are guaranteed by the Sixth Amendment of the United States Constitution.

Just as importantly, I believe the Supreme Court's decision fails to take into consideration the fact that a trial judge's disposition toward the defendant, or the defense counsel, may all but prevent the counsel from objecting to prejudicial actions of the trial judge. This aspect is best considered in light of the latitude afforded a trial judge in the conduct of a trial. The Supreme Court, as well as the Court of Appeals, has often restated the principle that "[t]he conduct of the trial of any case is necessarily controlled by the trial judge, who is vested

with a wide discretion and in the exercise of which an appellate court should never interfere unless it is made to appear that wrong or oppression has resulted from its abuse." *Nunnally v. State,* 235 Ga. 693, 699 (221 SE2d 547) (1975). In fact, the trial judges are afforded so much discretion in many trial conduct matters that their decisions on those matters, whichever way they go, are virtually irreversible on appeal. For example, a scanning of the first 500 pages of the Supreme Court's current reporter (Volume 240) shows the following instances where trial judges' discretionary decisions in criminal trials were deferred to because there was no showing of an abuse of discretion (as seldom there can be):

*Fortson v. State,* 240 Ga. 5, 6 (239 SE2d 335) (1977) (motion for mistrial); *Fouts v. State,* 240 Ga. 39, 43, 45 (239 SE2d 366) (1977) (motion for continuance, allowing unsequestered witness to testify); *Hudson v. State,* 240 Ga. 70, 74 (239 SE2d 330) (1977) (evidentiary ruling); *Miller v. State,* 240 Ga. 110, 112 (239 SE2d 524) (1977) (on question of defendant's capacity to waive constitutional rights trial judge's decisions deferred to unless clearly erroneous); *Corn v. State,* 240 Ga. 130, 138 (1977) (motion for continuance); *Durham v. State,* 240 Ga. 203 (240 SE2d 14) (1977) (motion for severance); *Moore v. State,* 240 Ga. 210, 212 (240 SE2d 68) (1977) (motion for mistrial); *Woods v. State,* 240 Ga. 265, 270 (239 SE2d 786) (1977) (motion for mistrial); *Campbell v. State,* 240 Ga. 352, 356 (1977) (motions for continuance and change of venue); *Thomas v. State,* 240 Ga. 393, 396 (1977) (motion for appointment of expert witnesses); *Thomas v. State,* 240 Ga. 441, 444 (1978) (enforcement of sequestration rule); and *Thomas v. State,* 240 Ga. 454, 458 (1978) (motion to dismiss charges for failure of speedy trial).

The point to be made is that the trial judge has tremendous opportunity to influence the outcome of criminal litigation, and this influence can be exercised in ways that are insulated from appellate review. A defense attorney, confronted with a trial judge who apparently has formed a disposition as to his client's guilt, and who has exhibited this disposition before the jury, may well perceive that further alienation of the judge would drive the final nail in his client's coffin. Consequently, that

defense attorney might hesitate before objecting to the trial judge's conduct, or might choose not to object at all.

Perhaps this case presents one of those rare situations where an appellate court should understand — and, in the interest of a fair trial, overlook — the failure to object. And surely this case presents a situation where appellate courts, having granted extensive discretionary powers to trial courts, should step in and control an abuse of that discretion. Surely the trial judge knew he was encroaching upon the jury's domain, thereby denying Griffin his Sixth Amendment right to a fair and impartial jury.

I am not rejecting the well founded general principle that a party will not be given the benefit of waiting to assert an error only after an unfavorable verdict has been returned (though I wonder whether an objection in this case would have done any good). My contention is that where the record shows that a trial judge has abdicated his position as an impartial minister of justice and has assumed instead the position of a prosecutor, and it therefore is very likely that the defendant has been denied a fair trial, then, even without objection below, the appellate courts of this state should follow the clear mandate of Code § 81-1104 by condemning the trial judge's action and granting a new trial. The code section is unmistakable in intent and specific in language: A violation of Code § 81-1104 "*shall* be held . . . to be error, and the decision . . . reversed, and a new trial granted." (Emphasis supplied.) It is obvious that the legislature meant to provide unfaltering protection for a defendant wherever a trial judge, perhaps motivated by an over-zealous desire to see "justice" accomplished, has assumed a prosecutorial stance. In cases such as this, the understandable lack of objection should not be fatal to the appeal.

However, the Supreme Court has spoken, and we therefore vacate Division 3 of our previous opinion.