## 56824. SMITH v. THE STATE.

SMITH, Judge.

We discern, contrary to appellant's contentions, no reversible error in the trial judge's personal conduct, in his admission of evidence, in his charge to the jury, or in his imposition of restitution as a condition of probation. Therefore, appellant's conviction and sentence for false swearing are affirmed.

Mr. and Mrs. Ben Enfinger contracted to buy a house being constructed by appellant. At closing, on February 18, 1977, appellant signed an affidavit referring to his construction work in which he swore "that all labor, all services, and all materials entering into the above-mentioned improvements or used in constructing said improvements have been fully and completely paid for." Subsequent to closing, several unpaid materialmen filed liens against the Enfingers' property. The state indicted appellant for violating Ga. L. 1968, pp. 1249, 1310 (Code Ann. § 26-2402) by "knowingly and wilfully" making a false statement in the affidavit.

1. Contrary to appellant's assertion, the trial judge's statement, made at the presentence hearing, that he had made up his mind "a long time ago what the *sentence* was going to be" (emphasis supplied) did not show a predetermination of *guilt* on his part. Furthermore, such a predetermination of sentence could not have affected the verdict, as the trial judge did not communicate his impressions to the jury.

2. Appellant contends the trial court improperly and prejudicially questioned one of appellant's witnesses. We find no error, inasmuch as no objection was voiced in the trial court. Although we have previously voiced disapproval with the particular application of the rule (see *Griffin v. State,* 142 Ga. App. 362 (235 SE2d 724) (1977); revd., 240 Ga. 470 (241 SE2d 230) (1977); on remand, 145 Ga. App. 334 (243 SE2d 723) (1978)) the law remains, "[T]he failure of the appellant to object to the questions or to move for a mistrial at the trial estopped him from raising an objection on appeal." *Ezzard v. State,* 229 Ga. 465(2) (192 SE2d 374) (1972).

3. We find no merit in appellant's allegation that,

overall, the trial court "failed to strive for an atmosphere of impartiality."

4. Appellant objected, on the asserted basis of irrelevancy, to the assistant district attorney's questioning one of the materialmen as to whether, because of appellant's failure to pay for materials and labor provided, he had filed other liens against property on which appellant performed construction. We find no error in the overruling of that objection, as recent transactions involving that materialman's filing of the other liens tended to show a course of conduct on the part of appellant.

5. Appellant claims the trial court erred in admitting "testimony and evidence of other debts, liens and business failures." However, he has failed to cite any portion of the transcript showing he raised a pertinent objection or otherwise supporting his claim of error. "There is no citation to the particular parts of the transcript about which complaint is made, consequently we are unable to consider the alleged grounds of complaint." *Lowe v. State,* 143 Ga. App. 415 (238 SE2d 716) (1977). Appellant's complaint concerning the assistant district attorney's closing argument is meritless for the same reason.

6. The assistant district attorney questioned two of the materialmen as to recent transactions with appellant involving houses other than the Enfingers'. Appellant's relevancy objection was overruled. We find no error. The testimony was relevant to show appellant's course of conduct, and the jury was instructed to consider the testimony only for that purpose. See Division 4.

7. We find no merit in the relevancy objection to admission of a lien filed against the Enfingers' property, the lien having been filed because of appellant's failure to pay for materials and labor.

8. Appellant contends the trial court erroneously refused to charge his requested charge number four, which was a quotation of Code § 26-602. However, the trial court did charge properly on the subject of that Code section, though not in the exact language requested, and there is no merit in appellant's contention. Also, appellant has pointed to no particular portion of the

transcript or record containing evidence which would support his request to charge number five, a quotation of Code § 26-705. We find no evidence which would warrant that charge. Therefore, the court did not err in failing to charge that Code section.

9. At trial appellant expressed agreement with the court's handling of the jury's request for instructions on lien laws. Thus we will not consider his claim concerning that matter.

10. The trial court required appellant, as a condition of his probated sentence, to pay restitution "of $1200 to $1300 (the exact amount to be determined by the probation dept.) . . . to ensure that liens are removed and materialmen who had liens are paid in full." The liens to be discharged appear in the record. The amount of the debt for which each lien was claimed appears on the face of each; each amount is definite and undisputedly owed. The alleged fact that a company of which appellant is vice president originally contracted for the labor and materials does not affect the propriety of the imposed restitution. Probation was properly conditioned upon that restitution because the post-closing existence of the liens upon the Enfingers' property was caused by appellant's false swearing. Ga. L. 1958, pp. 15, 23, as amended (Code Ann. § 27-2711 (7)). The mandated restitution was not improper.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

ARGUED NOVEMBER 13, 1978 — DECIDED JANUARY 9, 1979.

*Clifford H. Hardwick,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Russell J. Parker, H. Allen Moye, Assistant District Attorneys,* for appellee.