## 58930. WRIGHT v. THE STATE.

BANKE, Judge.

The appellant was convicted of voluntary manslaughter. He enumerates as error on appeal the trial court's charge defining the offense. First, he complains that the charge allowed conviction without a finding of intent to kill. The court charged that "if you believe beyond a reasonable doubt . . . that the defendant did . . . kill . . . but that he acted solely as a result of a sudden, violent, and irresistible passion, resulting from a serious provocation sufficient to excite such passion in a reasonable person, *and that there was no intent, and that there was no interval* between the provocation and the killing sufficient for the voice of reason to be heard . . . and in that event you would be authorized to find the defendant guilty of voluntary manslaughter." (Emphasis supplied.)

Appellant also attacks the following portion of the manslaughter charge: ". . . I charge you that the defendant in this case is charged with the offense of voluntary manslaughter, and in that connection, I charge you that a person commits voluntary manslaughter when he causes the death of another human being under circumstances which would otherwise be murder if he acts solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite

such passion in a reasonable person." Appellant complains that the trial court failed to define murder. *Held:*

1. As to appellant's initial assertion, we are presented with an obvious, unintentional slip of the tongue, immediately followed by a correction. While the better practice is to withdraw the erroneously spoken words, we do not perceive any possibility of harm to the appellant when the court's charge as a whole is considered. Accord, *Stone v. State,* 145 Ga. App. 815 (245 SE2d 62) (1978).

2. While it would have been appropriate to define the word "murder" under the facts presented here, (accord, *Yaughan v. State,* 26 Ga. App. 639, 641 (107 SE 389) (1921)) the failure to do so does not constitute reversible error. In an analogous situation, the Supreme Court of Georgia held that failure of the trial court " . . . to define the word 'felony,' [as] that term was employed in the course of his instructions, is not cause for a new trial." *Jordan v. State,* 143 Ga. 449 (85 SE 327) (1915). This enumeration is without merit.

3. Appellant contends the trial court improperly and prejudicially questioned appellant and another witness. "The failure of the appellant to object to the questions or to move for a mistrial at the trial estopped him from raising an objection on appeal." *Ezzard v. State,* 229 Ga. 465 (2) (192 SE2d 374) (1972); *Smith v. State,* 148 Ga. App. 634 (252 SE2d 62) (1979).

*Judgment affirmed. Quillian, P. J., and McMurray, P. J., concur.*

ARGUED OCTOBER 31, 1979 — DECIDED JANUARY 7, 1980 —

*Kran Riddle,* for appellant.

*J. Lane Johnston, District Attorney, William Todd, Assistant District Attorney,* for appellee.